**Bernard BLOCH, Plaintiff-Appellant,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 20372.**

United States Court of Appeals,
Sixth Circuit.

March 3, 1971.

———◆———

Bernard Bloch, in pro. per.

Robert A. Rosenberg, Detroit, Mich., for defendant-appellee; Ralph B. Guy, Jr., U. S. Atty., J. Kenneth Lowrie, Asst. U. S. Atty., Detroit, Mich., on brief.

Before EDWARDS, McCREE, and BROOKS, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of disability benefits in a social security case. On September 20, 1965, Bernard Bloch, an osteopathic physician licensed and qualified to practice in the State of Michigan, suffered a myocardial infarction at age 48, and he claims that he is now totally disabled from pursuing his former occupation or any other because of the risk of subsequent heart attacks. His condition is complicated by diabetes, hypoglycemia, obesity and other ailments. His claim was rejected administratively, and in January 1970, he brought an action in the United States District Court for the Eastern District of Michigan to compel the Secretary to grant benefits. The District Court granted the Secretary's motion for summary judgment, impliedly adopting the decision of the Appeals Council which, without filing a separate opinion, adopted the hearing examiner's findings and conclusions as final.

Under the Social Security Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which * * * can be expected to last for a * * * period of not less than twelve months." 42 U.S.C. § 423(d) (1) (A). It is clear that appellant failed to meet his burden under this test. There was substantial evidence before the hearing examiner, which he credited, that Dr. Bloch could return to the private practice of osteopathic medicine. "In any event," the hearing examiner concluded, "the claimant could associate with a Hospital Staff, in either an administrative capacity or even on a medical basis, without experiencing the close personal doctor-patient relationship that generally induces the mental concern in private practice. * * * Furthermore, the claimant, who proved to be a very personable, highly articulate, and medically knowledgeable individual, could teach at an Osteopathic School of Medicine."

Since the evidence before the Secretary permitted the conclusion that claimant could return to his former occupation, the decision may be affirmed on

# 1182

that ground alone, and we need not inquire whether the Secretary established with sufficient specificity the existence of jobs within the national economy which claimant could obtain and perform. Under the rather unusual circumstances of this case, the latter demonstration was unnecessary. Appellant, who has completed two years of law school, briefed and argued his own case before this court persuasively and with vigor, and is obviously a man of high intelligence and ability. His capacity for skilled professional employment is clear, and we find it impossible to believe that he could not obtain employment within the national economy in other than his usual occupation, as the Act requires of all claimants. 42 U.S.C. § 423(d) (2) (A).

Accordingly, the judgment of the District Court is affirmed. This decision of course does not affect appellant's right to disability benefits for periods not covered by the instant claim.