**Mary A. ESTEP, Plaintiff-Appellant,**

v.

**Casper WEINBERGER, Secretary
Health, Education & Welfare,
Defendant-Appellee.**

**No. 75–1452.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 13, 1975.

Decided Nov. 17, 1975. ˙

Irwin W. Barkan, Frank J. Neff, Barkan, Barkan & Neff, Columbus, Ohio, for plaintiff-appellant.

William W. Milligan, U. S. Atty., Thomas D. Thompson, Columbus, Ohio, for defendant-appellee.

Before EDWARDS, McCREE and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from the United States District Court for the Southern District of Ohio from a District Judge's order granting summary judgment to the Secretary of Health, Education and Welfare who had denied disability benefits to appellant after this court had remanded the case for consideration of new and material evidence.

The new evidence consisted principally of two psychiatric reports from Doctors Haas and Giray. While both of these physicians submitted reports to HEW based on their examination of plaintiff Estep holding that she was now completely disabled as a result of a mental disorder, neither doctor was prepared to assert flatly that the disorder had completely disabled her prior to the last date of coverage under Social Security, December 31, 1967. Dr. Giray felt that she had been psychiatrically ill prior to 1966, that her illness "has been progressive with a gradual onset, and that she is now completely disabled."

Dr. Haas felt from his examination:

It appears that this patient has been slowly running down in terms of energy and capability, and finally in 1966 there was development of an acute process; her defenses simply cracked and she gave in to the somatizations which are presently existent and which do not permit her to actually function. It appears that she was never quite well emotionally, but this is a process which may not be apparent at all times, and one which never was acute. The concreteness of her thinking, anxiety about security, poor circumstances throughout her life, increasing confusion with the daughters' marriages and divorces, seemingly are just too much for her psychological structure. The patient, therefore finally decompensated when the final blow of an acute lung disease occurred, and she is still in constant anxiety about her ability to survive and take care of herself.

Since the acute lung disease referred to in Dr. Haas' statement occurred between July 1968 and October 1971 (dates, unfortunately from plaintiff's point of view, subsequent to termination of her coverage) we must conclude that the Secretary and District Judge were justified in holding that she was not disabled within the meaning of the Social Security Act prior to December 31, 1967.

The judgment of the District Court is affirmed.