**Mary C. WETTSTEIN, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**No. 78–C–547.**

United States District Court,
E. D. Wisconsin.

Oct. 29, 1979.

John D. Koehn, Sturgeon Bay, Wis., for plaintiff.

Bonny A. Lopez, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Plaintiff brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare, denying plaintiff's application for the establishment of a period of disability under section 216(i) of the Social Security Act, 42 U.S.C. § 416(i) and for disability insurance benefits under section 223 of the Act, 42 U.S.C. § 423. The Secretary has filed a motion for summary affirmance pursuant to Rule 56 of the Federal Rules of Civil Procedure.

A review of the record shows that the plaintiff filed an application for disability insurance benefits on November 13, 1974 and was granted a period of disability commencing August 7, 1974. (Transcript, pp. 165–67). On March 19, 1977, the Bureau of Disability Insurance of the Social Security Administration terminated the plaintiff's period of disability and her benefits based thereon. The bureau held that her disability had ceased in August of 1976 (Transcript, p. 185) and that there was an overpayment of benefits of $1,191.60 to the plaintiff and her son.

The plaintiff requested the bureau to reconsider its decision, which it did, but it again denied the plaintiff's claim. The

claimant then requested a hearing before an Administrative Law Judge (ALJ). A hearing was held on February 28, 1978 and as a result, the ALJ upheld the determination of the Social Security Administration that the plaintiff was able to do "substantial gainful activity" as of August, 1976, and that a refund of the overpayment was necessary. (Transcript, p. 23). The decision of the ALJ became the final decision of the Secretary when approved by the appeals council on June 26, 1978.

The plaintiff is a thirty-eight year old woman who was initially found to be disabled in December of 1975 by the decision of an ALJ. The determination of disability was made on the basis of medical reports indicating the plaintiff was suffering from hypertension, pericarditis and obesity. (Transcript, p. 169). Prior to her disability, the plaintiff was an active school teacher. Since her disability, she has been unable to return to her former position as a teacher.

In February of 1976, after she had been determined disabled, the plaintiff was informed she was being placed on a nine-month trial work period because her file indicated she was doing some kind of work since September of 1975. The plaintiff's work activity report indicated that the plaintiff and her husband had entered into a contract with Door County to operate a shelter home for children. Under the terms of the contract, the plaintiff and her husband are paid $250 a month for keeping four beds in their home available plus $15 per day for each child placed in the home.

According to the tax returns of the plaintiff and her husband, as well as their testimony at the hearing, it appears the plaintiff received approximately $140 a month as income from the shelter. This sum, however, includes a certain portion of rental income which the plaintiff contends should not have been considered as income by the ALJ. Absent the rental portion, the plaintiff earned an estimated $120 a month for her work in the shelter home.

The record indicates that the plaintiff is still suffering from residuals of pericarditis and obesity. Furthermore, as a result of pericarditis, the plaintiff has also developed rheumatoid arthritis. The plaintiff's physician indicates that she is on diaretic therapy for fluid retention as well as Gold therapy for her rheumatoid arthritis. Her doctor also indicates that the plaintiff fatigues easily and requires long periods of rest after any prolonged activity. According to her doctor, the plaintiff's prognosis is poor, however, the doctor did indicate that the therapy has helped her condition "to the point she has markedly improved to where she is no longer in constant pain with markedly diminished activity level." (Transcript, p. 217). The ALJ also considered the conflicting reports of the other doctor which examined the plaintiff prior to the initial determination of her disability. See *Miranda v. Secretary of Health, Education and Welfare,* 514 F.2d 996 (1st Cir. 1975). At least one of the doctors felt the plaintiff could return to work.

According to the testimony of the plaintiff, her duties at the shelter home included meal planning, twenty-five percent of the cooking, keeping the books and records, informing the county court and social service agencies of the childrens' progress and setting up parental visits. In addition, the plaintiff provides some guidance for the children, accompanies them to court and entertains them on occasion. (Transcript, pp. 47, 50, 59, 76). The record also indicates that the plaintiff's husband performs the physical activities in connection with the shelter home.

On the basis of the plaintiff's activities in running the shelter home, as well as her income, the ALJ ruled that the plaintiff had demonstrated the ability to do substantial gainful activity because she was, in fact, doing substantial gainful activity in administrating the shelter home. The ALJ also found that the plaintiff has a rheumatoid arthritis condition, residuals of pericarditis and a weight problem, but has demonstrated by her activity she has had a significant improvement in her condition as a result of the therapy. (Transcript, p. 22).

An individual claiming disability insurance benefits pursuant to 42 U.S.C. § 423 is

required to be under a "disability." Disability is defined in section 423(d)(1)(A) as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

In further defining disability, 42 U.S.C. § 423(d)(2)(A) provides:

an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant has the initial burden of establishing his eligibility for disability insurance. *Bloch v. Richardson,* 438 F.2d 1181 (6th Cir. 1971). In addition, when the Secretary has terminated a person's benefits, the courts have held that a claimant has the burden of proving his disability has continued beyond the termination date found by the Secretary. *Myers v. Richardson,* 471 F.2d 1265, 1268 (6th Cir. 1972); *Halsey v. Richardson,* 441 F.2d 1230 (6th Cir. 1971); *Marker v. Finch,* 322 F.Supp. 905, 909–10 (D.Del.1971).

Discontinuance of benefits under the Act may be based solely on a claimant's work history if it establishes that the plaintiff is engaged in substantial gainful activity notwithstanding any medical evidence or testimony to the contrary. *See Goldfin v.*

*Weinberger,* 381 F.Supp. 171, 175 (E.D.Pa. 1974). Regulation 404.1532(a), 20 C.F.R. § 404.1532(a) (1979) provides in part:

(a) In general. If an individual performed work during any period in which he alleges that he was under a disability as defined in § 404.1501, the work performed may demonstrate that such individual has ability to engage in substantial gainful activity. If the work performed establishes that an individual . . . is able to engage in substantial gainful activity, he is not under a disability. Work which does not in itself constitute substantial gainful activity, may nevertheless indicate the existence of a residual capacity of such individual to engage in substantial gainful activity. Thus, an individual who utilizes work skills or abilities on a limited basis may not be under a disability if he is capable of increased utilization of such work skills or abilities.

The regulation also defines substantial gainful activity to include work which involves "the performance of significant physical or mental duties or a combination of both . . . for remuneration or profit." 20 C.F.R. § 404.1532(b) (1979). In addition, the regulation provides that an average income of $200 a month in 1976 creates a presumption of substantial gainful activity and that income less than $150 a month ordinarily indicates that a person has not done any substantial gainful activity. 20 C.F.R. § 404.1534(b)(1), (2) (1979).

Once a claimant "has made a showing of inability to return to his former work and the record does not otherwise contain any evidence of the claimant's ability to engage in substantial gainful work," the burden shifts to the government. *Hernandez v. Weinberger,* 493 F.2d 1120, 1122–23 (1st Cir. 1976). The government must then offer evidence showing that there is available some other kind of substantial gainful employment which the claimant is able to perform. *Stark v. Weinberger,* 497 F.2d 1092 (7th Cir. 1974).

The standard of review of the Secretary's decision is limited to a determination of whether "substantial evidence" is con-

tained in the record as a whole to support the agency's decision. *Johnson v. Weinberger,* 525 F.2d 403 (7th Cir. 1975); *Lahr v. Richardson,* 476 F.2d 1088 (7th Cir. 1973).

The plaintiff contends that the ALJ incorrectly determined that she was making $140 a month in her activity. Plaintiff argues she was making only $120 a month excluding that portion of her income attributed to rent. In either case, the Court notes that both are below the income level considered by the Secretary to indicate "substantial gainful activity in 1976." 20 C.F.R. § 404.1534(b)(2) (1979). In his decision, the ALJ relied on the $140 income level along with her activity to conclude that the plaintiff was engaged in substantial gainful employment. The Court finds that the ALJ erred in using the $140 a month figure because this figure represented both rental income and per diem earnings. While the per diem fees are properly considered earnings, the rental income should not have been included because it was not a direct result of the plaintiff's activity. Under the regulation, income which is not attributable to a person's work activity should not be considered in determining whether one is engaging in substantial gainful employment. 20 C.F.R. § 404.-1532(a) (1979). Therefore, the ALJ should have only considered the $120 that the plaintiff earned in making his decision. Because the Court cannot determine the weight and significance that the income level had on the decision of the ALJ, the Court must remand the decision to the ALJ.

In support of its decision, the Court notes that the ALJ may consider the plaintiff's activity and income in determining whether she is capable of engaging in substantial gainful employment. If he finds that she is not engaging in substantial gainful activity, he may still find she is capable of so doing if there is other evidence to indicate that she can increase her skills to a point where she is able to get other substantial gainful employment. Such evidence of necessity, would, however, require, the testimony of a vocational expert who could testify as to the kind of substantial gainful employment

available to a person within the plaintiff's status.

Based on the foregoing analysis, the Court holds that the decision of the ALJ was not based on substantial evidence and therefore, the case must be remanded to the Secretary for further proceedings consistent with this decision.