786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALISON T. ADAMS, Plaintiff-Appellant,
v.
MARGARET M. HECKLER, SECRETRARY OF HEALTH and HUMAN
SERVICES, Defendant-Appellee.
 85-5549
 United States Court of Appeals, Sixth Circuit.
 2/26/86
 
 E.D.Tenn.
 AFFIRMED
 On Appeal from the United States District Court for the Eastern District of Tennessee
 BEFORE: KRUPANSKY and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant perfected this appeal from an order of the district court denying his motion for a remand of this cause. Plaintiff had brought the action under 42 U.S.C. Sec. 405(g) to obtain judicial review of the final decision of the Secretary of Health and Human Services denying his claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. Following a hearing, an Administrative Law Judge found that the record did not contain any medical reports dated prior to December 31, 1980, the last day on which plaintiff had met the special earnings requirements, and denied plaintiff's application for benefits. Plaintiff had not been represented by an attorney in the course of the proceedings before the ALJ nor before the Appeals Council which approved the ALJ's decision. Plaintiff-appellant has been represented by an attorney in the district court and in this court.
 
 
 2
 Plaintiff was fifty-four years old at the time of the administrative proceedings and has a master's degree in engineering. He last worked in 1975 as an engineering staff consultant and as a salesman. His infirmaties are reported in detail in the ALJ's decision and are reviewed in the opinion of the district judge, and a repetition of them here would serve no useful purpose. Suffice it to say that the record contains evidence to support plaintiff's allegation that he 'suffers from a combination of impairments, including cronic active hepatitus, hypertension, insulin dependent diabetes, and cronic anxiety.'
 
 
 3
 It is the appellant's contention that 'the record is devoid of proof necessary for a conclusion,' whilc the Secretary responds with the contention that her determination 'is supported by substantial evidence.' After a thorough review of the record we conclude that it does indeed contain sufficient evidence to support the decision of the Secretary to deny disability benefits.
 
 
 4
 The appellant's basic contention is simply that he did not understand the nature of the proceedings which he had initiated and that he did not understand what was expected of him, underscoring the fact that he was not then represented by an attorney. However, he was fully aware of his right to an attorney but did not choose to retain one. The Notice of Hearing which he had received contained a statement in bold-face capital letters stating, 'You have the right to be represented by an attorney or other representative of your choice.' Attached to that Notice was a list of attorney referral services, legal aid societies and advice for indigent clients on how to obtain legal counsel. The transcript further establishes that at hearing he was again advised of his right to counsel, but that he chose to waive that right. Absent a showing of 'clear prejudice' as a result of alleged deficiencies in the conduct of an administrative hearing, the appellant is not entitled to reversal or remand on that basis. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1052-53 (6th Cir. 1983). As the district court pointed out in its opinion, at that hearing appellant's diabetes, lung tumor, hernia, hepatitus and various other ailments were discussed at length, as were the appellant's daily activities and physical abilities, and he responded to questions articulately and presented his case well. The transcript of the hearing further establishes that the ALJ fulfilled his duty to develop the record and explored all relevant facts, both favorable and unfavorable. The essential requirement of establishing a disability prior to December 31, 1980 was made clear to him. At the conclusion of the hearing he requested and was granted an additional thirty days to submit evidence of such disability. When he failed to do so, the ALJ wrote a letter to him noting that circumstance and granting an additional ten days for that purpose. Again, appellant failed to submit evidence.
 
 
 5
 It is well established that the function of this court in this case is not to review the matter de novo, but to leave the finding of facts to the Secretary and to determine upon the whole record whether the Secretary's decision is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Appellant had the burden of proving he was disabled on or before December 31, 1980 in order to establish entitlement to disability insurance benefits. He was thus required to prove his inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which could be expected to result in death or which would last or could be expected to last for a continuous period of not less than twelve months. 42 U.S.C. Sec. 423(d)(1)(A) (1983). Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir. 1984). He also had to prove disability prior to the expiration of his insured status. 42 U.S.C. Secs. 423(a), 423(c) (1983), Bagby v. Harris, 650 F.2d 836, 839 (6th Cir. 1981). Any impairment which had its onset after the 'critical date' when the special earnings test was last met cannot be the basis for a favorable finding of disability. Estep v. Weinberger, 525 F.2d 757, 758 (6th Cir. 1975). In this case, it is undisputed that the 'critical date' upon which the appellant last met the earnings requirement was December 31, 1980.
 
 
 6
 Appellant now complains that he did not know he was required to provide medical records of illnesses arising before December 31, 1980 in order to establish his claim. However, the record clearly establishes that the plaintiff knew or should have known exactly what he had to prove to establish his claim and just what kind of evidence would constitute such proof. A notice of the requirement of 20 C.F.R. Sec. 404.704 1985 was included in appellant's application form for disability insurance and he indicated on his application that he understood he was required to submit medical evidence showing the nature of his disability. The Notice of Hearing which he had received stated, 'You should be prepared to prove that you were under a disability on or before December 31, 1980.' He simply failed to comply with these notices.
 
 
 7
 As previously noted, the record contains substantial evidence to support the determination of the Secretary but fails to offer any justification for a remand for an enlargement of the record, and the judgment of the district court is accordingly AFFIRMED.