798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ramon COX, Plaintiff-Appellant,
v.
SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 85-5697.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1986.
 
 Before MARTIN and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On October 8, 1982, Cox filed for Social Security disability benefits alleging an onset disability date of 1971. The administrative law judge (ALJ), who ultimately conducted a hearing after Cox's application was initially denied, determined that Cox had disability insured status through September 30, 1973. The ALJ also determined that during Cox's covered period he did not have a severe impairment and was not disabled as defined by the Social Security Act. On appeal, the district court agreed with the ALJ.
 
 
 2
 Upon a review of this somewhat unusual fact situation, we find the decision of the district court affirming the ALJ to be a correct one, and we likewise affirm.
 
 
 3
 In order to establish entitlement to social security disability benefits, a claimant has the burden of establishing that he became unable to engage in substantial gainful activity by reason of physical or mental impairments, the existence of which is demonstrated by medically acceptable clinical and laboratory diagnostic findings. Bloch v. Richardson, 438 F.2d 1181 (6th Cir.1971). A claimant must also establish entitlement prior to the expiration of his insured status. Ragan v. Finch, 435 F.2d 239 (6th Cir.1970), cert. denied, 402 U.S. 986 (1971). Where a claimant wholly fails to establish entitlement during the period of his insured status, it is this lack of proof which constitutes the substantial evidence which supports an ALJ's decision.
 
 
 4
 After a long history of steady work, claimant stopped working sometime in the late 1960s. The precise reason for work stoppage is not clear but it appears to be health or injury related. In 1971, Cox began drawing supplemental security income (S.S.I.) benefits from the State of Michigan and in 1974 was " "grandfathered" into the Federal S.S.I. program.[1] Cox continues to draw S.S.I. benefits to the present time.[2]
 
 
 5
 The only question before the ALJ was whether Cox could establish that he was "disabled" during the period of time from his alleged onset date of 1971 up to the time his insured status expired in 1973. Cox produced little medical evidence to support his claim of disability other than evidence relating to present disability. Cox claims to have seen a Dr. McNeely in Tennessee between 1970 and 1974, but Dr. McNeely had no records for this period. No information was available on the circumstances surrounding his original application for S.S.I. benefits.[3]
 
 
 6
 Although plaintiff has had a serious drinking problem dating back to the 1960s, medical records dating back to 1967 do not reveal any condition or combination of conditions which would have kept Cox from performing at least light or sedentary work. Dr. Darwin M. Nelson, who treated Cox up until 1976, sent a letter on plaintiff's behalf which is accurately summarized by the ALJ as follows:
 
 
 7
 Although Exhibit 27, reflecting a narrative letter from a Dr. Nelson, attempts to relate back to the relevant period under consideration, at the request of counsel, this report reflects little in the way of actual clinical findings, except to suggest that the claimant did have a drinking problem with at least one , episode of gastritis, that the claimant had complained of shortness of breath, with no clinical evidence of difficulty, and that he complained of musculoskeletal pain of apparently unknown origin. This report from Dr. Nelson is quite vague, reflecting the passage of time and uncertainty as to the claimant's condition, and can be of little persuasive impact absent actual contemporaneously recorded medical findings. An example of the vagueness and equivocation indulged in by Dr. Nelson is an apparent sympathetic effort to be helpful to his former patient is his assertion that "I think it is likely" that Mr. Cox had widespread osteoarthritis. In other words, x-rays were never performed. This type of speculation is hardly persuasive in support of retroactive opinion.
 
 
 8
 (App. at 41.)
 
 
 9
 Cox also argues that since he was receiving S.S.I. benefits since 1971, he should be presumed disabled since the standards for supplemental income benefits and disability benefits are the same. This argument is unpersuasive in light of the fact that Cox received benefits during the period of his insured status from the State of Michigan, and there is no evidence in the record as to what standards the state applied.[4] Also, if one were to engage in assumptions, it is equally logical to assume that Cox could not meet social security disability standards prior to the expiration of his insured status since it would have been to his advantage to receive the larger disability benefits rather than the lesser supplemental income payments.
 
 
 10
 There is also considerable evidence in the record indicating that it was in 1974 and subsequent years (after the expiration of insured status) that Cox's medical problem accelerated.
 
 
 11
 Although it is admittedly difficult to go back in time ten years to establish a disability, this is claimant's burden and not the Secretary's. Since Cox had failed in carrying his burden of proof, we affirm.
 
 
 
 [1]
 The S.S.I. program was formerly administered by the states under financial grants from the federal government under title XIV. As of January 1, 1974, title XIV was repealed and replaced by a new title XVI, under which the federal government undertook complete responsibility for S.S.I. benefits to the disabled. See --Social Security Amendments of 1972, Pub.L. No. 92-603, Sec. 301, 1972 U.S.Code Cong. & Ad.News 1548, 1715 (adopting amended title XVI); id., Sec. 303, 1972 U.S.Code Cong. & Ad.News 1737 (repealing title XIV effective January 1, 1974). See generally Wheeler v. Heckler, 719 F.2d at 595, 597 (2d Cir.) reh'g denied, 724 F.2d 262 (1983); Finnegan v. Matthews, 641 F.2d 1340, 1342 (9th Cir.1981)
 
 
 [2]
 There was a cessation of S.S.I. benefits in 1981 when Cox attempted to return to work, but benefits were subsequently restored
 
 
 [3]
 Diligent search was made with the State of Michigan, Social Security Offices in Michigan and Tennessee, and the City of Detroit, but no records could be found
 
 
 [4]
 Grandfathered claimants may maintain their entitlement to benefits by showing that they meet either the federal definition of disability contained in 42 U.S.C. Sec. 1382c(a)(3)(A), (B), (C), (D), or continue to be disabled under the state plan's definition. See Wheeler v. Heckler, 719 F.2d 595, 597 (2d Cir.), reh'g denied, 724 F.2d 262 (1983)