**Dorothy STEINHOFF,**
**Plaintiff-Appellant,**

v.

**Patricia R. HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 81–1011.**

United States Court of Appeals, Sixth Circuit.

Argued July 26, 1982.

Decided Jan. 17, 1983.

Rehearing Denied April 1, 1983.

Bruce L. Jerris (argued), Levine & Banjamin, Detroit, Mich., for plaintiff-appellant.

Richard A. Rossman, U.S. Atty., Hayward L. Draper, Elizabeth Wild (argued), Detroit, Mich., for defendant-appellee.

Before GEORGE CLIFTON EDWARDS, Jr., Chief Circuit Judge, JONES and NICHOLS, Circuit Judges.*

NICHOLS, Circuit Judge.

Under circumstances to be stated, a United States District Judge entered a judgment, 502 F.Supp. 1313, awarding disability benefits to a Social Security claimant, and later reversed himself, holding for defendant, on the basis of a motion under authority, ostensibly of Fed.R.Civ.P. 60(b). We hold the motion was made too late and allowance of it was an abuse of discretion.

Plaintiff-Appellant [hereinafter plaintiff], Dorothy Steinhoff, was born on August 25, 1928, and had, at the time her claim was filed, completed 4 years of schooling. Over the years she has been employed as a donut maker, shrimp cleaner, restaurant worker, and barmaid. In 1962, her right leg was amputated at the knee. She claims she is unable to work due to boils and blisters about the stump, swelling, numbness, and pain. Plaintiff also states that she suffers from various other ailments.

On August 19, 1975, plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability as of February 1973 at the age of 44. 42 U.S.C. § 423. Both applications were denied on the ground that plaintiff was not suffering a disability. Plaintiff requested reconsideration of her claim. On January 5, 1976, plaintiff's claims for disability insurance and supplemental security income were again denied.

Plaintiff requested and received, on June 28, 1976, a de novo hearing before an Administrative Law Judge (ALJ). On July 16, 1976, the ALJ issued a decision affirming the denial of benefits. An appeal was taken to the Appeals Council which, on October 15, 1976, remanded the case to the ALJ for further expert medical evaluation regarding plaintiff's residual functional capacity for work.

On January 27, 1977, a de novo hearing was conducted by a second ALJ. The second ALJ affirmed the denial of benefits on February 25, 1977. The Appeals Council approved the decision on June 10, 1977, thereby making the decision of the second ALJ the final decision of the Secretary of Health, Education, and Welfare (Secretary) [now Health and Human Services].

Plaintiff sought relief from the Secretary's denial of benefits in the United States District Court for the Eastern District of Michigan. Concluding that the record developed by the ALJ was incomplete on certain issues, District Judge John Feikens remanded the case to the Appeals Council for a third hearing.

The third ALJ considered the case de novo and, on May 22, 1979, found that plaintiff was not under a disability. The ALJ's decision became the final decision of the Secretary when the Appeals Council approved the decision on July 16, 1979.

Pursuant to a Stipulation and Order for Reinstatement dated August 24, 1979, the case was returned to the district court. District Judge Avern Cohn referred the case to a United States Magistrate, Barbara K. Hackett, for a report and recommendation based upon the record and cross-motions for summary judgment.

In her report, the magistrate gave lengthy consideration to newly-amended Social Security regulations 20 C.F.R. § 404.-1501 et seq. (1979).[1] These new regulations, which became effective only on February 26, 1979, had not previously been considered. They included medical-vocational guidelines, also known as the "grid," which "provide[d] for an orderly sequence of adjudication for social security disability claims." Kirk v. Secretary of Health and

---

* Judge Nichols was an Associate Judge of the United States Court of Claims when this case was argued. He was sitting by designation. On October 1, 1982, he became a member of the newly created United States Court of Appeals for the Federal Circuit, with the title of Circuit Judge, by various provisions of Pub.L. No. 97–164.

1. The Secretary has since revised these regulations in an effort to make them more comprehensible. 45 Fed.Reg. 55,584 (1980).

*Human Services.* 667 F.2d 524, 527 (6th Cir.1981). In applying the grid, the magistrate supposed that plaintiff was closely approaching "advanced age" and had minimal education. The magistrate apparently agreed that the ALJ's finding was supported by substantial evidence so far as he held she was not disabled physically for "sedentary" employment. But the magistrate also concluded that plaintiff lacked any transferable skills from her previous work experience and, hence, must be considered unskilled. 20 C.F.R. §§ 404.1508, 404.1511, 404.1513. Plugging these age, educational, and vocational factors, as determined by the magistrate, into the grid, the magistrate concluded, pursuant to Rule 201.09, that plaintiff was disabled. The magistrate's ultimate conclusion differed from that of the Secretary chiefly in that the ALJ had determined that plaintiff had transferable semi-skilled work skills which, in itself, was sufficient to deny benefits. In general, a disability claimant under Social Security is not disabled because unable to fulfill the requirements of his or her specific job, but must also be unable to perform any other work available in the national economy. *Bloch v. Richardson,* 438 F.2d 1181 (6th Cir.1971). 42 U.S.C. § 423(d)(2). *See* Rules 201.03, 201.07, 201.11, 201.15, 201.-20, 201.22, 201.26, 201.29. On May 2, 1980, the magistrate reported her recommendation to award benefits to Judge Cohn.

Defendant should have filed exceptions, if she intended to question any conclusions of fact or law in the report, within 10 days. 28 U.S.C. § 636(b)(1). On May 19, 1980, no objections to the magistrate's report having been filed, Judge Cohn granted summary judgment for plaintiff and remanded the case to the Secretary. On August 4, 1980, a full 77 days after entry of judgment by the district court, the Secretary filed a Motion Seeking Relief From Judgment, pursuant to Fed.R.Civ.P.Rule 60(b). By August 4, 1980, the 10-day time limit for seeking relief under Fed.R.Civ.P. 59(e) and the 60-day time limit in which to appeal the decision to this court under Fed.R.App.P. 4(a) had run.

The Secretary alleged in her motion that Judge Cohn's decision was based on a mistake of law in the application of the grids. Specifically, the Secretary asserted that plaintiff's age, as of September 30, 1976, was controlling for purposes of applying the grids. As of that date, plaintiff was 48 which, in turn, would qualify her, under the regulation as a "younger individual aged 45–49," not as one approaching "advanced age." As a younger unskilled individual with minimal education, plaintiff would not be entitled to recover disability benefits. *See* Rule 201.18. The magistrate had considered plaintiff's age at the time of the 1979 hearing and classified her as "closely approaching advanced age (50–54)." Because unskilled claimants with minimal education who are closely approaching advanced age are, under Rule 201.09, disabled, the magistrate and, later, Judge Cohn concluded plaintiff was entitled to disability benefits. The Secretary argued that this conclusion was incorrect only because plaintiff was not of an appropriate age group to require a finding of disability. The Secretary did not, however, object to the magistrate's conclusion that plaintiff was unskilled, and this may be taken as established. But this concession does plaintiff no good if she was not approaching "advanced age" and was fit for sedentary employment.

■ On December 11, 1980, after conducting a hearing on the matter, Judge Cohn granted defendant-appellee's [hereinafter defendant] 60(b) motion and entered judgment for defendant on the disability insurance benefits issue. Judge Cohn grounded his decision on his belief that legal error had, in fact, been committed and that defendant's delay in neither seeking relief under Fed.R.Civ.P. 59(e) (motion to alter or amend judgment) nor appealing his decision under Fed.R.App.P. 4(a) was not unreasonable in light of defendant's complex internal review procedures. Judge Cohn did find, however, that plaintiff was entitled to supplementary security income benefits as of August 25, 1978, and entered judgment accordingly. Plaintiff now appeals.

We assume for purposes of this opinion only that legal error was committed in the original judgment, and nothing done in this case should be taken as establishing an interpretation of the "grid" for this or any other case. Plaintiff vigorously asserts that legal error was not committed, and we do not hold plaintiff is wrong. Assuming, however, that legal error was committed, plaintiff argues that defendant should have sought relief under Fed.R.Civ.P. 59(e) or appealed the district court's decision under Fed.R.App.P. 4(a). By failing to comply with the appropriate time limits (10 days after entry of judgment for Rule 59(e); 60 days for Rule 4(a)), defendant attempted, plaintiff maintains, to circumvent the time limits by invoking Fed.R.Civ.P. 60(b). In allowing defendant's motion, Judge Cohn, plaintiff argues, has abused his discretion. Plaintiff also argues that if the award of disability benefits had turned on plaintiff's age, she would have argued below that her age, as of September 30, 1976, constituted a borderline case requiring nonapplication of the grids. *See Kirk v. Secretary of Health and Human Services, supra* at 532; 20 C.F.R. § 404.1563(a).

Defendant counters that legal error was committed and Judge Cohn did not abuse his discretion in allowing defendant's 60(b) motion. We disagree. The trial judge clearly abused his discretion when he granted defendant's Rule 60(b) motion.

Fed.R.Civ.P. 60(b) states:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * *

Having failed to alert the court to the alleged error by exceptions to the magistrate's report, as she should have done, defendant compounded her apparent want of diligence by allowing 77 days to elapse after the entry of judgment before seeking the extraordinary relief available under Rule 60(b). A party who allows itself to become out of time to invoke the regular remedies for correction of error normally offers some kind of explanation or excuse, and so has defendant here. The "artistic verisimilitude" for an "otherwise bold and unconvincing narration" is that the magistrate's report was served upon the United States Attorney only, and he failed to forward it promptly to HEW "house counsel." The "grid regulation" was new, and defendant's local counsel—both Department of Justice and "house"—failed to detect the magistrate's mistake in applying it. This only occurred, it is said, in course of review in Baltimore of measures to place plaintiff on the disability roles and issue her first annuity checks.

The interest of the judicial system, however, is in the prompt and inexpensive resolution of litigation. The equities speak strongly against reopening the case of a Social Security disability claimant who has already been put through the rigamarole this plaintiff has, and whose case has become res judicata. The case for reopening needs to be persuasive indeed. Defendant really lays herself open to a translation of her position into plain language as follows:

The government, as a litigant, being as cumbersome as it is, does not find it convenient to observe the time require-

ments of the FRCP, and instead demands that these time requirements be routinely waived by the court to suit defendant's convenience.

The novelty of operations under the grid certainly would have justified a motion to extend the time for excepting to the magistrate's report until it could be reviewed at headquarters, and no one could have criticized defendant for making such a motion. Such motions are commonplace, and courts are tolerant because of their awareness of the special problems of a government attorney, not matched in the private sector. It may well be the magistrate would have reconsidered some other of her findings if she had been alerted that she might be misconstruing the age standards. The case is, factually, a difficult one and even with a correct application of the grid it would have been in our judgment a close call. The attitude of defendant in supinely allowing what she now says is an erroneous judgment to be entered, and then waiting 77 days more, can only be described as callous and indifferent. If defendant's conduct herein is what must generally be expected, we can only say it is time for her to get her act together. It is evident, if plaintiff's application had been decided upon promptly, her status would have been established before the "grid" was ever promulgated. We assume, as the parties do, that the "grid" regulations have retroactive application, but if they do, the obligation to deal equitably with those adversely affected by any change in the law the regulation accomplishes, is surely not less.

Defendant does not specify whether relief was sought under clause (b)(1), "mistake, inadvertence, surprise, or excusable neglect;" or clause (b)(6), "any other reason justifying relief from the operation of the judgment." The trial judge concluded that, under either clause, defendant's 60(b) motion was timely as it was brought either within the 1-year of entry of final judgment time period applicable to clause (b)(1) or within a reasonable time period as required by clause (b)(6). A reading of the rule would to a point tend to support the trial judge's conclusion that defendant's

motion was timely made. The trial judge, however, abused his discretion by failing adequately to consider the effect that the ground for reopening was legal error would have on the rule's time limits. .

While this circuit has yet to determine whether legal error constitutes sufficient grounds for seeking relief under Rule 60(b), the majority of courts have interpreted "mistake" in Rule 60(b)(1) to include legal error. *Lairsey v. Advance Abrasives Co.,* 542 F.2d 928 (5th Cir.1976); *Meadows v. Cohen,* 409 F.2d 750 (5th Cir.1969); *Gila River Ranch, Inc. v. United States,* 368 F.2d 354 (9th Cir.1966); *Schildhaus v. Moe,* 335 F.2d 529 (2d Cir.1964); *McDowell v. Celebrezze,* 310 F.2d 43 (5th Cir.1962). This view, supported by commentators, 7 Moore, *Federal Practice* ¶ 60.22[3] (2d ed. 1948 & Supp.1981); 11 Wright and Miller, *Federal Practice and Procedure* § 2858 (1973 & Supp.1982), is based upon the notion of judicial economy and expediency. As Judge Friendly said in *Schildhaus v. Moe, supra:*

> * * * Under such circumstances there is indeed good sense in permitting the trial court to correct its own error and, if it refuses, in allowing a timely appeal from the refusal; no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings, when the trial court is equally able to correct its decision in the light of new authority on application made within the time permitted for appeal, * * *.

[Id. at 531.]

There is, however, a contrary view expressed by the First and Seventh Circuits in *Silk v. Sandoval,* 435 F.2d 1266 (1st Cir.), *cert. denied,* 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971), and *Swam v. United States,* 327 F.2d 431 (7th Cir.), *cert. denied,* 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964). In *Silk v. Sandoval, supra,* Judge Aldrich justified the court's refusal to include legal error as grounds for relief under Rule 60(b)(1) by stating:

> * * * If the court merely wrongly decides a point of law, that is not "inadvertence,

surprise, or excusable neglect." Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief. Plaintiff's motion is based on the broad ground that the court made an erroneous ruling, not that the mistake was attributable to special circumstances. We would apply the same equitable conception to "mistake" as seems implicit in the three accompanying grounds, under the principle of *noscitur a sociis.*

A contrary view, that "mistake" means any type of judicial error, makes relief under the rule for error of law as extensive as that available under Rule 59(e), which permits motions to "alter or amend judgments." Obviously any such motion presupposes a mistake. Indeed, the argument advanced is that a broad construction of "mistake" beneficially extends the ten-day limit for motions under Rule 59(e). Calling this a benefit loses sight of the complementary interest in speedy disposition and finality, clearly intended by Rule 59. Attempts to allay criticism on this score by saying that the "reasonable time" for filing a Rule 60(b) motion when it seeks reconsideration on a point of law is the appeal period, are an acknowledgment of the extent to which this construction of mistake undermines Rule 59(e). They also overlook the fact that subsection (2) of Rule 60(b), permitting a motion for new trial to be filed after the ten days specified in Rule 59(b), requires a showing why it could not have been filed earlier. If by "mistake" the rule contemplates motions for reconsideration of pure points of law, there is no comparable requirement of diligence, although, prima facie, there would seem to be even less reason for delay.

[*Id.* at 1267–68.]

We need not choose between these conflicting views at this time. This is so because, regardless of whether we determine legal error comes within Rule 60(b)(1), the vast majority of courts that have concluded that legal error comes within the meaning of Rule 60(b)(1) have also determined that, in using the rule in this manner, the moving party must make his or her motion within the time limits for appeal. *Sampson v. Radio Corporation of America,* 434 F.2d 315 (2d Cir.1970); *Hoffman v. Celebrezze,* 405 F.2d 833 (8th Cir.1969); *Gila River Ranch, Inc. v. United States, supra; Schildhaus v. Moe, supra. See also* 7 Moore, *Federal Practice* ¶ 60.22[2], [3] (2d ed. 1948 & Supp. 1981). "A motion under Rule 60(b) cannot be used to avoid the consequences of a party's decision to settle the litigation or to forego an appeal from an adverse ruling." *Sampson v. Radio Corporation of America,* 434 F.2d at 317 (footnote omitted). "[G]enerally speaking a party who makes an informed choice as to a particular course of action will not be relieved of the consequences when it subsequently develops that the choice was unfortunate." 7 Moore, *Federal Practice* ¶ 60.22[2].

In the instant case, defendant made a conscious decision not to appeal. Having waived that right by letting the 60-day time limit for appeal run, defendant cannot now attempt to revive that right by filing a Rule 60(b)(1) motion.

Both the defendant and the trial judge relied on two Fifth Circuit cases to support granting defendant's motion after the time for appeal had run. *Meadows v. Cohen, supra; Lairsey v. Advance Abrasives Co., supra.* Both the trial judge and the defendant's reliance on *Meadows v. Cohen* is misplaced.

In *Meadows,* the Rule 60(b) motion was filed *after* the 10-day time limit under Rule 59(e) had expired but *before* the appeal time had run. Indeed, the court noted that defendant had filed a notice of appeal before the district court had ruled on defendant's Rule 60(b) motion. 409 F.2d at 752 n. 5. Clearly this case does not stand for the proposition that Rule 60(b) motions can be entertained after the time for appeal has run.

The other case defendant chooses to rely on, presents a different situation. In *Lairsey v. Advance Abrasives Co.,* the court allowed a Rule 60(b)(1) motion after the time for appeal had run. This was a diver-

sity case and the state Supreme Court changed the state law as the district court had supposed it to be, after the date of the latter court's judgment. The court reasoned that the circumstances warranted an exception to the general rule. 542 F.2d at 929. The court further noted that the Rule 60(b)(1) motion was not being used as a substitute for an appeal. *Id.* at 931. An appeal had been filed. Our decision is not in conflict with the Fifth Circuit's holding in *Lairsey* because that court recognized the general rule too and treated the circumstances before it as warranting an exception. There are no such circumstances here.

■ The trial judge also held that defendant's motion could be properly considered as a Rule 60(b)(6) motion. We disagree. First, some courts have held in effect that Rule 60(b)(6) motions require more than mere legal error to justify granting relief. *Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950); *Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 154 (1st Cir.1980); *Martinez-McBean v. Government of Virgin Islands,* 562 F.2d 908, 912 (3d Cir.1977). Thus, under these holdings, defendant would not have raised a valid Rule 60(b)(6) argument as she has failed to allege extraordinary circumstances. The kind of legal error that provides extraordinary circumstances justifying 60(b)(6) relief is illustrated by *Pierce v. Cook & Co.,* 518 F.2d 720 (10th Cir.1976, *en banc*). There the victims of the same automobile crash were meted out relief according to inconsistent legal rules by federal and state courts in which their claims were litigated. The federal courts had the cases under diversity jurisdiction only and the federal decisions therefore should have, but did not, conform to state law, as announced in later decisions. Rule 60(b)(6) was successfully invoked to correct the federal decisions to make them conform. But there are four separate opinions, and it is clear that no less extraordinary circumstances could have generated a majority for 60(b)(6) relief. Defendant's recitations of the agency's review procedures does not warrant relief under Rule 60(b)(6). In fact, it indicates a need to improve such proce-

dures rather than to treat them as extraordinary circumstances on account of the procedures' cumbersome and complex nature. The government's procedures are necessarily cumbersome, and if this fact, without more, is ground for a Rule 60(b)(6) motion, no judgment involving the government is ever final.

Second, one commentator has suggested that Rule 60(b)(6) should only be applied in situations not covered by the other five clauses. 7 Moore, *Federal Practice* ¶ 60.-27[1]. Thus, if we were to interpret legal error as coming within clause (b)(1), clause (b)(6) would not be applicable.

Finally and most importantly, the courts have held that Rule 60(b)(6) motions also must be brought within the time allowed for appeal if legal error is claimed as justification for granting the Rule 60(b) motion. *Scola v. Boat Frances, R., Inc., supra; Martinez-McBean v. Government of Virgin Islands, supra.* Defendant's Rule 60(b)(6) motion was not brought within the time limits for appeal and, accordingly, must fail.

In oral argument, plaintiff's attorney was queried on what would be the appropriate date for establishing disability benefits if we were to find for his client. He stipulated that the claimant's 48th birthday would be reasonable. Accordingly, plaintiff's disability benefits are to run from her 48th birthday or August 25, 1976.

The amended judgment, and the order of December 11, 1980, on which it is based, are reversed, with directions to reinstate the judgment of May 19, 1980, with our modification with respect to commencement of disability insurance benefits.

NATHANIEL R. JONES, Circuit Judge, concurring.

I concur in the judgment reached. However, I think it important to write separately to emphasize my view that this holding is limited to the unique set of facts present here.

I wish to also emphasize the following. I agree that the plaintiff has been through

the "rigamarole" in the instant case, but to not allow the district judge to correct his error could result in a pure windfall to plaintiff without a showing of a detrimental reliance on her part. Further, I believe as a policy matter that a judge should have discretion to correct his or her own legal error. Finally, the rationale of the opinion would, I fear, be tantamount to justifying a sixty-day time limitation on Rule 60(b) motions when the statute clearly states one year.