793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARTHUR BRENNAN MALLOY, Plaintiff-Appellant,
v.
T.C. MARTIN, WARDEN, ASHLAND FEDERAL CORRECTIONAL INSTITUTE;
and LEE F. TRIMBLE, CHAPLAIN, DIRECTOR OF
RELIGIOUS SERVICES, Defendants-Appellees.
 85-5110
 United States Court of Appeals, Sixth Circuit.
 5/13/86
 AFFIRMED
 
 1
 E.D.Ky.
 
 ORDER
 
 2
 BEFORE: Kennedy and MILBURN, Circuit Judges JOINER, Senior District Judge.*
 
 
 3
 This pro se plaintiff appeals from a district court judgment denying his motion seeking relief under Rule 60(b), Federal Rules of Civil Procedure, from the district court's earlier judgment dismissing his civil rights suit.
 
 
 4
 Rather than filing his Rule 60(b) motion premised upon a mistake of law within the appeal time, the plaintiff chose to file an appeal from the district court's judgment to this Court. Upon review of the cause, this Court affirmed the dismissal of plaintiff's suit, concluding that his underlying claim were unsubstantial and that the named defendants were immune from liability from damages. Plaintiff's remaining claims for injunctive and declaratory relief were considered moot in light of his release from incarceration.
 
 
 5
 Despite the affirmance by this Court, plaintiff filed his Rule 60(b) motion attacking the district court's judgment claiming that his suit should not have been dismissed prior to the court issuing service of process upon two indispensable parties to his suit who he sought to add to his suit by way of an amended complaint. Plaintiff was already suing the warden and chaplain of his correctional institution, and sought to add the Director of the Bureau of the Prison and the U.S. Bureau of Prisons as additional indispensable parties. Since his motion to amend the complaint was timely, plaintiff maintains that dismissal of the suit was in error and now justifies vacation of the district court's judgment for consideration of his claims against the two additional defendants. Upon review of the cause, the district court denied the motion to vacate its judgment under Rule 60(b) for being without merit.
 
 
 6
 Upon our own review of the cause in light of the arguments asserted by the parties in their respective appellate briefs, this Court concludes that the district court did not abuse its discretion in denying plaintiff's motion to vacate. An appeal from the denial of a Rule 60(b) motion employs the abuse of discretion standard of review over only the denial of the motion, and does not also bring up for review the underlying judgment. See Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257, 263 n.7 (1978); Windsor v. U.S. Dept. of Justice, 740 F.2d 6, 7 (6th Cir. 1984) (per curiam); Peake v. First National Bank and Trust Co. of Marquette, 717 F.2d 1016, 1020 (6th Cir. 1983). In this case, the denial of plaintiff's Rule 60(b) motion was justified because the motion was untimely. Plaintiff's request for relief based upon a mistake of law could have been brought under either Rule 60(b)(1) or (6); however, under both subsections, the motion must be made within the normal appeal time, sixty days in this case. Steinhoff v. Harris, 698 F.2d 270, 275-76 (6th Cir. 1983). Plaintiff's motion was filed over a year after the district court dismissed his suit. As one seeking relief due to a mistake of law, the motion was, therefore, untimely and properly denied.
 
 
 7
 For this reason, this panel agrees unanimously that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation