802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd W. SANDERS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 84-1886.
 United States Court of Appeals,
Sixth Circuit.
 Aug. 13, 1986.
 
 Before KEITH, KURPANSKY and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant, Floyd W. Sanders, appeals from the district court Order denying his Rule 60(b)(2), Fed.R.Civ.P., motion for relief from judgment. For the reasons set forth below, we affirm.
 
 I.
 
 2
 In July, 1980, Sanders, applied for Social Security disability benefits. His application was denied initially and on reconsideration. Sanders appealed to an Administrative Law Judge ("AlJ"), who issued an opinion on February 25, 1982, in which he found that Sanders suffered from sarcoidosis, a history of kidney stones, and possible early rheumatoid arthritis. The ALJ concluded, however. that Sanders did not have a severe impairment as defined by 42 U.S.C. S223 and 20 C.F.R. 5404.1545. When the Appeals Council denied Sanders's request for review, the decision of the ALJ became the final decision of the Secretary.
 
 
 3
 Sanders next sought judicial review in federal district court, arguing that the Secretary's decision was not supported by substantial evidence, The district court referred the case to a magistrate, who recommended on April 22, 1983, that the district court affirm the Secretary's decision to deny. The magistrate found "a great deal in the record to support (Sanders's) assertions," but concluded,
 
 
 4
 There is, however, one bothersome recitation in the record, namely, in a report from Detroit Osteopathic Hospital for a period of February 3 to 10, 1982. Doctor Margaret Rosenthal notes at the end of a paragraph entitled "COMPLAINT" which presumably is a recitation given by plaintiff the following:
 
 
 5
 "He has done a good amount of shovelling a few days before presentation."
 
 
 6
 (T. 192). The notion that plaintiff was engage [sic] in the heavy work activity of snow shovelling during the winter of 1981-1982 is so far at odds with plaintiffs testimony and conduct at the hearing of January 1 5, 1982 as to lead the undersigned to suggest that the Secretary should be affirmed. The credibility of Doctor Wells' (sic] report and evaluation in preference to that of the treating physician is, in my view, conclusively established by this one recital in Dr. Rosenthal's report.
 
 
 7
 Magistrate's Report and Recommendation, p.5. Sanders failed to file timely objections to the magistrate's report and, on September 9, 1983, the district court issued an Order adopting the magistrate's report and her recommendation to affirm the Secretary's decision. On September 16, 1983, Sanders filed a motion for rehearing, which the district court denied on November 1, 1983. Sanders did not appeal at that time to this court.
 
 
 8
 Instead, on July 24, 1984, Sanders filed with the district court a motion for relief from judgment, pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. Sanders's motion was based upon "newly discovered evidence," specifically, two letters from Dr. Rosenthal, the physician who signed the February, 1982 "snow shovelling" report. These letters, dated December 29, 1983, and July 5, 1984, suggest that the reference to snow shovelling "may have well represented a typigraphical [sic] error," since Sanders "strongly denies his ability to shovel snow."[1] The district court denied Sanders's Rule 60(b)(2) motion on October 17, 1984. He now appeals from that denial.
 
 II.
 
 9
 Rule 60(b)(2) of the Federal Rules of Civil Procedure provides that a "court may relieve a party or his legal representative from a final judgment. order, or proceeding for the following reasons: ... newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)...."[2] The motion must be made within a "reasonable time," but in no event more than one year after final judgment is entered. Fed.R.Civ.P. 60(b). The Federal Circuit recently enunciated the prerequisites for a Rule 60(b)(2) motion for relief from judgment:
 
 
 10
 (1) that the evidence was actually 'newly discovered,' that is. it must have been discovered subsequent to the trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result.
 
 
 11
 Yachts America, Inc. v. United States, 779 F.2d 656, 662 (Fed.Cir.1985) (quoting Warner v. Transamerica Insurance Co., 739 F.2d 1347, 1353 (8th Cir.1984) ); see also United States v. Walus, 616 F.2d 283, 287-88 (7th Cir.1980); Ag Pro, Inc. v. Sakraida, 512 F.2d 141, 143 (5th Cir.1975), rev'd on other grounds, 425 U.S. 273 (1976); Giordano v. McCartney, 385 F.2d 154, 155 (3rd Cir.1967). In reviewing the district court's denial of Sanders's Rule 60(b)(2) motion, we must limit our inquiry to determining whether the district court abused its discretion, without considering the merits of the underlying district court judgment. Windsor v. United States Department of Justice, 740 F.2d 6, 7 (6th Cir.1984).
 
 III.
 
 12
 In denying Sanders's Rule 60(b)(2) motion, the district court below relied upon Steinhoff v. Harris, 698 F.2d 270 (6th Cir.1983), a case in which we discussed the application of Rules 60(b)(1) and 60(b)(6). We are unpersuaded by Sanders's argument here that the district court's reliance on Steinhoff constitutes reversible error, since it is clear that Sanders's actions do not satisfy Rule 60(b)(2), which requires that a movant exercise "due diligence" in discovering new evidence. We cannot say here that Sanders exercised "due diligence" in acting upon the alleged falsity of the report or in obtaining the letters from Dr. Rosenthal.
 
 
 13
 The medical report in question covers the week of February 3-10, 1982. On April 24, 1982,[3] Sanders filed with the Appeals Council a request for review that included as additional evidence Dr. Rosenthal's snow shovelling report. Sanders presumably read the report prior to submitting it to the Appeals Council and thus should have noticed the reference to snow shovelling. If that reference were, as Sanders now claims, erroneous, it is inconceivable that he would have failed to notice it, had he even casually reviewed the report.
 
 
 14
 Assuming, arguendo, that Sanders did not read the report at all, he was, at the very latest, apprised of the snow shovelling reference when the magistrate issued her report and recommendation on April 23, 1983. Common sense should have dictated to Sanders or his attorney that an immediate response to the magistrate's report was needed to correct what they now allege to be a glaring error.[4] However, Sanders waited more than a year following the filing of the magistrate's report to file his Rule 60(b)(2) motion for relief from judgment, and nearly eight months after the district court entered final judgment.
 
 
 15
 We find that Sanders's actions were simply inconsistent with the Rule 60(b)(2) "due diligence" requirement. If Sanders had exercised "due diligence", he could have timely responded to the snow shovelling reference, either prior to asking for review by the Appeals Council in 1982, or immediately following the magistrate's report and recommendation in April, 1983. The district court did not abuse its discretion in denying Sanders's motion and, accordingly, we AFFIRM.