826 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fadee MULAZIM, Plaintiff-Appellant,
v.
Silva GONCALVES, Sushil Lahir, Robert Redman, Michael
Meador, Tom Gerotzka, Robert Brown, Ann Baerwalde,
Defendants-Appellees.
 No. 87-1140
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1987.
 
 ORDER
 Before CORNELIA G. KENNEDY, MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 
 1
 Plaintiff has moved for appointment of counsel on appeal from the district court's denial of his motion to vacate the judgment, filed pursuant to Fed. R. Civ. P. 60(b), in this prisoner civil rights action. Upon consideration of the record and appellant's brief, this panel unanimously agrees that oral argument is unnecessary. Federal Rules of Appellate Procedure 34(a).
 
 
 2
 On September 11, 1985, plaintiff filed a complaint containing numerous allegations of due process violations by prison officials at the Huron Valley Men's Facility. The matter was referred to a magistrate who issued a report and recommendation on May 14, 1986, recommending that defendants' motion to dismiss or for summary judgment be granted. The report and recommendation contained the warning that failure to object within ten days of receipt of the report and recommendation would constitute a waiver of the right to appeal. Plaintiff did not file objections to the magistrate's report and recommendation and on July 23, 1986, the district court entered an order adopting the magistrate's report and recommendation and dismissing the action.
 
 
 3
 On October 1, 1986, plaintiff filed a motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b), wherein he reiterated the allegations of his complaint. The district court denied the motion and this appeal followed.
 
 
 4
 Because this appeal is from the district court order denying plaintiff's motion to vacate the judgment of dismissal, the single issue for review is whether the district court abused its discretion in so denying. Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257 (1978); Windsor v. United States Department of Justice, 740 F.2d 6 (6th Cir. 1984). This court may not consider the merits of the underlying judgment. Browder, 434 U.S. at 263, n.7; Windsor, 740 F.2d at 7.
 
 
 5
 A review of the motion to vacate reveals that plaintiff reiterates the allegations in the complaint and challenges the propriety of the magistrate's report and recommendation on the basis that the magistrate was racially biased against him. Because plaintiff did not file objections to the magistrate's report and recommendation, he is precluded from attacking any findings of fact or conclusions of law contained therein. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152 (6th Cir. 1986); see also Steinhoff v. Harris, 698 F.2d 270, 272 (6th Cir. 1983). Accordingly, the district court did not abuse its discretion in denying the motion to vacate judgment.
 
 
 6
 Furthermore, plaintiff's motion to vacate is properly construed as attacking the legal basis for the court's decision because he reiterates the allegations in his complaint and he was time-barred from so doing. In using Fed. R. Civ. P. 60(b) to attack the legal conclusions of a judgment, a party is required to bring a Rule 60(b) motion within the time limit for an appeal--in this case 30 days. Steinhoff, 698 F.2d at 275.
 
 
 7
 Accordingly, the motion for appointment of counsel is denied and the order of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.