849 F.2d 610
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hallison H. YOUNG, Frederick A. Patmon, Patmon, Young &
Kirk, P.C., and Patmon & Young P.C., Plaintiffs-Appellants,
v.
Patricia J. BOYLE and Kathryn J. Humphrey, Defendants-Appellees.
 No. 83-1789.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1988.
 
 Before ENGEL, Chief Judge, KRUPANSKY, Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Hallison Young (Young), Frederick A. Patmon (Patmon), and their law firms, Patmon, Young & Kirk, P.C. (PYK), and Patmon & Young, P.C. (PY) (collectively, appellants) appealed from the district court's order dismissing their claims against the Honorable Patricia J. Boyle (Judge Boyle) and Kathryn Humphrey (Humphrey) in this action alleging numerous improprieties in the Internal Revenue Service's (IRS) investigation into appellants' tax liability. The record disclosed the following facts.
 
 
 2
 In 1980, the IRS initiated a routine investigation into Young's tax liability for the taxable years 1976 and 1977, which routine investigation was prompted by his failure to report taxable income for those years. The IRS issued numerous summonses to Young and financial institutions at which he maintained accounts as third-party recordkeepers,[1] and, upon application by the IRS, District Judge Boyle, the judge to whom the cases had been assigned, eventually enforced the summonses. See United States v. Young, 532 F.Supp. 334 (E.D.Mich.1981), aff'd in part, dismissed in part, 718 F.2d 1101 (6th Cir.1983), cert. denied, 466 U.S. 903, 104 S.Ct. 1677, 1678, 80 L.Ed.2d 152, 153 (1984).
 
 
 3
 At approximately the same time, the IRS initiated a separate routine investigation of Patmon's tax liability for the taxable years 1977 and 1978 when the IRS computer system disclosed that Patmon had invested in an identified "tax shelter" during those years. In the course of this investigation, the IRS also determined that it was necessary to investigate PYK's and PY's tax liability. Accordingly, several additional summonses were issued to PYK, PY, and third-party recordkeepers, and, upon application of the IRS, Judge Boyle also enforced these summonses, and this court affirmed. United States v. Patmon, Young & Kirk, P.C., No. 82-1827 (6th Cir. ---- ----, 1988).
 
 
 4
 On July 19, 1982, appellants instituted the present civil action in the United States District Court for the Eastern District of Michigan seeking both injunctive and monetary relief. In particular, appellants alleged that the defendants unlawfully disclosed their confidential tax returns and return information[2] in violation of 18 U.S.C. Sec. 1905, 26 U.S.C. Secs. 6103, 7213, and 7217,[3] the Right to Financial Privacy Act, (RFPA), 12 U.S.C. Sec. 3401 et seq., and the First, Fourth, Fifth, and Ninth Amendments to the United States Constitution. In their complaint in this action appellants asserted claims virtually identical to the claims asserted in another civil action they had filed in the Eastern District of Michigan on May 28, 1982 (May, 1982 action), which claims were dismissed in their totality by the district court on October 2, 1984. This court affirmed the district court's dismissal of the May, 1982 action. Young v. Burks, No. 84-1805 (6th Cir. ---- ----, 1988).
 
 
 5
 The only material difference between this action and the May, 1982 action was that appellants named additional defendants in the case at bar. In the May, 1982 action, appellants asserted causes of action against the Departments of Justice and Treasury and numerous employees of those departments who were connected with the above-referenced investigations into their tax liability. In the instant case, appellants again asserted claims against those defendants, but also added Judge Boyle, who had presided over the summons enforcement proceedings, her law clerk, Humphrey, and the Bank of the Commonwealth and several of its employees as defendants. As relevant to this appeal, appellants alleged that the district court in the enforcement proceedings lacked jurisdiction to entertain the proceedings, and consequently that Judge Boyle's orders in those cases violated appellants' rights under the above-mentioned statutes. Appellants moved to quash the summonses and petitioned for damages.
 
 
 6
 On November 30, 1982, the district court granted Judge Boyle's and Humphrey's motion to dismiss. The court ruled that the claim for damages was barred by the doctrine of judicial immunity and that the court lacked jurisdiction to enjoin ongoing proceedings before another district judge. The court directed entry of final judgment as to Judge Boyle and Humphrey.
 
 
 7
 Appellants did not appeal this order within 30 days as required under Fed.R.App.P. 4, but rather filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1) & (6) on January 12, 1983, 43 days after entry of judgment in favor of Judge Boyle and Humphrey. The district court denied the motion, and appellants timely appealed from that order.
 
 
 8
 "Within the limited parameters of this Court's ... jurisdiction, it 'may review the [Fed.R.Civ.P. 60(b) ] ruling only for abuse of discretion ... and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.' " Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983). Litigants cannot revive a lapsed right of appeal by filing and obtaining a ruling on a Fed.R.Civ.P. 60(b) motion. Steinhoff v. Harris, 698 F.2d 270, 275 (6th Cir.1983).
 
 
 9
 In the case at bar, the district court did not abuse its discretion in denying appellants' motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). They asserted no facts which would have excused their failure to timely appeal the district court's November 30, 1982 order dismissing the claims against Judge Boyle and Humphrey or which would have prompted the district court to reconsider its prior ruling.
 
 
 10
 Furthermore, this court concludes that the district court properly dismissed the claims against Judge Boyle and Humphrey. The doctrine of judicial immunity shields judges from actions for damages arising out of "judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court...." Forrester v. White, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988). That immunity extends to non-judges who perform judicial functions, Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (executive branch officials who perform quasi-judicial functions entitled to absolute judicial immunity), and specifically to a judge's law clerks. Oliva v. Heller, 839 F.2d 37, 40 (2d Cir.1988) ("[F]or the purposes of absolute judicial immunity, judges and their law clerks are as one.") (citation omitted).
 
 
 11
 In the case at bar, appellants attacked Judge Boyle's conduct of the summons enforcement proceedings by alleging that she required and/or permitted the unauthorized disclosure of confidential financial information concerning appellants and that her orders in those proceedings were entered "in excess of or in the clear and complete absence of judicial authority and jurisdiction over the subject matter" of the proceedings. Judge Boyle and Humphrey were, as a matter of law, immune from such a claim for damages. Judge Boyle was vested with jurisdiction over the summons enforcement proceedings pursuant to 26 U.S.C. Sec. 7604, and "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978). Accordingly, the district court properly dismissed the claim for damages against Judge Boyle and Humphrey.[4]
 
 
 12
 This court has considered appellants' remaining arguments and concludes that they are without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.
 
 
 
 [1]
 Under 26 U.S.C. Sec. 7609, the IRS may issue summonses to third-party recordkeepers such as financial institutions which have possession of records relevant to determining a taxpayer's liability
 
 
 [2]
 The term "return information" means--
 (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and
 (B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110, but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.
 26 U.S.C. Sec. 6103(b)(2).
 
 
 [3]
 26 U.S.C. Sec. 7217 was repealed with respect to disclosures made after September 3, 1982. Pub.L. 97-248, Sec. 347(c), 96 Stat. 646
 
 
 [4]
 The claims for injunctive relief are moot since Judge Boyle is no longer a United States District Judge and Humphrey no longer serves as her clerk