899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick E. GODWIN, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 89-6355.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1990.
 ORDER
 
 1
 Before KRUPANSKY and MILBURN, Circuit Judges; and WILLIAM K. THOMAS, Senior District Judge.*
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Frederick Godwin moves for counsel and appeals from the district court's order denying his Fed.R.Civ.P. 60(b)(6) motion to vacate or relieve him of a previous adverse judgment.
 
 
 4
 Godwin originally brought a 28 U.S.C. Sec. 2241 federal habeas corpus petition. He claimed that he should be immediately released from custody, since the United States Parole Commission committed two errors in denying his application for parole. Specifically, he claimed that the Commission erred by setting his parole date beyond the parole guidelines and that he was not credited for all jail time that he spent in state custody.
 
 
 5
 The district court decided that Godwin's claims were meritless, and dismissed the petition.
 
 
 6
 Subsequently, Godwin filed this motion pursuant to Fed.R.Civ.P. 60(b), seeking to have the district court re-open the period in which he could appeal the court's March 2, 1989 order by having the court vacate its earlier order denying the motion for reconsideration and then re-entering the order. The district court denied the motion, deciding that that action was not justified in this case.
 
 
 7
 On appeal, Godwin argues that the district court improperly denied his Fed.R.Civ.P. 60(b)(6) motion.
 
 
 8
 Upon consideration, we affirm the district court's order. A Fed.R.Civ.P. 60(b) motion cannot normally be used to relax the appeals period. See Steinhoff v. Harris, 698 F.2d 270, 275-76 (6th Cir.1983). A trial court's discretion to grant relief under Rule 60(b)(6) is especially broad given the underlying equity principles involved, see Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989), and Godwin has not proven that the district court abused its discretion in denying the motion. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986).
 
 
 9
 Specifically, the district court correctly decided that Godwin's case did not present very special circumstances such as those present in Harnish v. Manatee County, 783 F.2d 1535, 1538 (11th Cir.1986). Under the circumstances of this case, the petition was properly dismissed. Godwin was paroled in November 1988, thus rendering moot the question presented in the petition, and his January 24, 1989 letter (which the court construed as an objection to the December 12, 1988 magistrate's report and recommendation) was grossly untimely. Godwin's failure to have been aware of various court orders was due to his own failure to keep the court properly advised of his current mailing address. Although he claimed that he was "in transit", without his legal papers, and was held "incommunicado" from January 1, 1989, until June 7, 1989, he managed to file a motion for reconsideration and wrote the magistrate during this time. Clearly, Godwin was able to communicate with the court, but failed to diligently pursue his case. As a result, the district court did not abuse its discretion in denying his Fed.R.Civ.P. 60(b)(6) motion.
 
 
 10
 For these reasons, the motion for counsel is hereby denied, and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation