68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffery R. BURNETT, Plaintiff-Appellant,
v.
LAKE SUPERIOR STATE UNIVERSITY; Samuel A. Logsdon,
Defendants-Appellees.
 No. 94-1769.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1995.
 
 W.D. Mich., No. 93-00119; Gordon J. Quist, Judge.
 
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 BEFORE: MERRITT, Chief Judge; KENNEDY, Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 4
 Jeffery R. Burnett, a pro se Michigan resident, appeals a district court order denying his motions for reconsideration filed pursuant to Fed. R. Civ. P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 5
 Seeking monetary relief, Burnett sued a state college and a professor contending that he did not receive a course grade that he deserved. Burnett also alleged that the professor made negative comments about Burnett because of Burnett's handicap. The district court dismissed the complaint on November 19, 1993, for failure to state a claim. In April 1994, Burnett filed several documents attempting to relitigate his original complaint. In construing the documents under Fed. R. Civ. P. 60(b), the district court found no reason to reconsider the original judgment. On appeal, Burnett continues to argue the merits of his original complaint. He requests oral argument.
 
 
 6
 An order denying relief pursuant to Fed. R. Civ. P. 60(b) is reviewed under the abuse of discretion standard. Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment. Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 501 U.S. 1233 (1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. Id.
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion in denying Burnett's motions for reconsideration. The motions do not satisfy the requirements of Rule 60(b)(1). Lewis, 987 F.2d at 395-96. The alleged legal errors in the district court's underlying judgment are insufficient to justify relief under Rule 60(b)(6). Steinhoff v. Harris, 698 F.2d 270, 276 (6th Cir. 1983). Burnett cannot argue the merits of the underlying judgment in this appeal. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978).
 
 
 8
 Finally, defendants have moved for sanctions pursuant to Fed. R. App. P. 38. We deny the request for sanctions at this time. Defendants may seek sanctions by a separate motion filed within ten days after the entry of this order.
 
 
 9
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation