79 F.3d 1149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daries SHERRILLS, Plaintiff-Appellant,
v.
STATE OF OHIO; City of Cleveland; Cleveland Police
Department; Cleveland Metropolitan Housing
Authority; Battles, Patrolman,
Defendants-Appellees.
 No. 95-3372.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1996.
 
 Before: JONES, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Daries Sherrills, a pro se Ohio prisoner, appeals a district court order denying his motion for reconsideration construed as being filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1983, Sherrills filed four civil rights actions against multiple Ohio agencies and officials contending that he was improperly arrested and subjected to false imprisonment. The incidents in question occurred in 1981 and 1982. The district court dismissed the cases in 1986. On November 18, 1994, Sherrills filed a pleading captioned "motion for instanter and motion to include further evidence, exhibit attached ... to expand record." On December 27, 1994, Sherrills filed a pleading captioned "addendum to procedendo." Construing these documents as a motion for reconsideration, the district court found no reason to reexamine its original judgment.
 
 
 3
 On appeal, Sherrills continues to argue the merits of his original complaint. Sherrills has filed a plethora of rambling motions requesting a wide spectrum of relief.
 
 
 4
 An order denying relief pursuant Fed.R.Civ.P. 60(b) is reviewed under the abuse of discretion standard. See Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993). Abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment. Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 501 U.S. 1233 (1991). An appeal of the denial of a Rule 60(b) motion does not bring up the underlying judgment for review. Id.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying Sherrills's motion to vacate. The motion does not satisfy the requirements of Rule 60(b)(1). See Lewis, 987 F.2d at 395-96. The alleged legal errors in the district court's underlying judgment are insufficient to justify relief under Rule 60(b)(6). Steinhoff v. Harris, 698 F.2d 270, 276 (6th Cir.1983). Further, Sherrills cannot argue the merits of the underlying judgment in this appeal. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978).
 
 
 6
 Accordingly, we deny the requests for relief and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.