**Larry D. TAYLOR, Plaintiff–Appellant,**

v.

**POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, Defendant–Appellee.**

No. 03–5942.

United States Court of Appeals, Sixth Circuit.

March 1, 2004.

Larry D. Taylor, pro se, Old Hickory, TN, for Plaintiff-Appellant.

Rachel L. Waterhouse, U.S. Attorney's Office, Nashville, TN, Christopher J. Burton, United States Postal Service, Washington, DC, for Defendant–Appellee.

Before: ROGERS and COOK, Circuit Judges; and SCHWARZER, District Judge.*

## ORDER

This pro se litigant appeals a district court judgment denying his motion construed as one to alter or amend the judgment under Fed.R.Civ.P. 59(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Larry D. Taylor, an employee of the United States Postal Service, brought an action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, with the assistance of counsel. Taylor claimed that he was a victim of racial discrimination and that the defendant retaliated against him because of his prior equal employment opportunity complaints.

The parties settled the dispute and on February 19, 2003, submitted a signed "Agreed Order of Dismissal" to the district court. In their agreement, the defendant agreed to pay Taylor $2,500 and also pay Taylor's attorney fees in the amount of $2,500. Taylor, in turn, agreed to dismiss the case. The magistrate judge, presiding with the consent of the parties, entered the order of dismissal on February 24, 2003.

Thereafter, Taylor's attorney moved for, and was granted, leave to withdraw, and on March 14, 2003, Taylor filed a pro se "Motion to Set Aside Dismissal." In support of his motion, Taylor claimed that he was pressured by his former attorney to settle the dispute. The district court construed Taylor's motion as one to alter or amend the judgment under Fed.R.Civ.P. 59(e), noted that Taylor's motion was not timely filed under Rule 59(e), and concluded that even if the court construed Taylor's motion as one filed pursuant to Fed. R.Civ.P. 60, a motion under Rule 60 cannot be used to avoid the consequences of a party's decision to settle the litigation. Accordingly, the district court denied Taylor's motion to set aside the order of dismissal. Taylor appeals.

■ Upon review, we conclude that Taylor filed his motion to set aside the dismissal more than ten days after entry of the district court's February 24, 2003 order. Rule 59 provides that motions to reconsider "shall be filed no later than 10 days after entry of judgment." Fed. R.Civ.P. 59(b), (e). This court's "own precedent dictates that a Rule 59 motion

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

filed outside the mandatory 10–day window is of no effect." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Nevertheless, "[w]here a party's Rule 59 motion is not filed within the mandatory 10–day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." *Id.* This court reviews the district court's denial of a motion for relief from judgment for abuse of discretion. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir. 1995).

■ A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *Feathers,* 141 F.3d at 268.

Review of an order denying relief from judgment does not bring up the underlying judgment or order for review. *Browder v. Director, Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Feathers,* 141 F.3d at 268; *Hood,* 59 F.3d at 42. Subsection (b)(6) is properly invoked only in unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). If legal error is relied upon, the motion should be premised upon the category of mistake under Rule 60(b)(1), and such motions must be filed within the normal time for taking an appeal. *Hopper v. Euclid Manor Nursing Home,* 867 F.2d 291, 294 (6th Cir.1989). Rule 60(b)(6) cannot provide relief for legal error absent other exceptional or extraordinary circumstances. *Id.*

When this standard is applied, it is clear that the district court did not abuse its discretion in denying Taylor relief from judgment. Taylor does not assert any of the foregoing specified circumstances, nor does he set forth any exceptional or extraordinary circumstances which would entitle him to relief.

Moreover, a motion under Rule 60(b) cannot be used to avoid the consequences of a party's decision to settle the litigation. *Steinhoff v. Harris,* 698 F.2d 270, 275 (6th Cir.1983).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's order of June 12, 2003.