Robert L. HAWKINS, Plaintiff–
Appellant,

Pamela Hawkins, Plaintiff,

v.

Mary Sue CZARNECKI, et al.; Robert
A. Bowman, et al.; Jerome Sharpe,
ATF Agent, et al.; Albert Hatchett;
Detroit News; Detroit Free Press, In-
corporated; Oakland County Press;
Gilbert Kohls; FNU Jelly, Officer;
FNU Friedlin, Officer; FNU Pearson,
Officer; Michael Searing; Dale Le-
bair; FNU Byford, Officer, Defen-
dants–Appellees.

No. 01–1174.

United States Court of Appeals,
Sixth Circuit.

Aug. 10, 2001.

Before KRUPANSKY,
SUHRHEINRICH, and SILER, Circuit
Judges.

*ORDER*

Robert L. Hawkins, a pro se federal
prisoner, appeals a district court judgment
denying his motion filed pursuant to Fed.
R.Civ.P. 59(e). This case has been re-
ferred to a panel of the court pursuant to
Rule 34(j)(1), Rules of the Sixth Circuit.
Upon examination, this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

In June 1994, seeking a total of $12.5
million, in addition to the return of approx-
imately $4 million in cash and property
seized by the state of Michigan, Robert L.
Hawkins, his wife, and four children sued
seventeen persons and entities for alleged-
ly violating their rights under the Fourth,
Fifth, Seventh, Eighth, and Fourteenth
Amendments. The defendants included
Michigan court officials, federal employees,
three newspapers, a witness for the prose-
cution in Hawkins's criminal trial, Haw-
kins's defense attorney, and several law

enforcement officers. In a supplemental pleading, the plaintiffs named thirteen additional defendants, principally members of the Oakland County Narcotics Enforcement Team (NET), and Wayne County (Michigan) Probation Department employees. In August 1996, the district court dismissed the complaint, and a panel of this court affirmed the district court's judgment. *Hawkins v. Czarnecki*, No. 96–2437, 1998 WL 57333 (6th Cir. Feb. 2, 1998).

In August 1998, Hawkins moved for relief from judgment pursuant to Fed. R.Civ.P. 60(b) based upon fraud upon the court as an independent action under the savings clause of Rule 60(b). In March 1999, the district court denied Hawkins's motion on the ground that it was untimely. Thereafter, Hawkins filed four motions for reconsideration of the order denying his Rule 60(b) motion. The district court denied those motions. Undaunted, Hawkins filed two more motions pursuant to Fed. R.Civ.P. 59(e) to have the court reconsider the order denying his previous motions for reconsideration. On December 30, 2000, the district court denied Hawkins's motions. Hawkins appeals that judgment.

On appeal, Hawkins essentially reasserts that his Rule 60(b) motion is not untimely because certain evidentiary rulings made by a state court in a state judicial forfeiture trial constituted "extrinsic fraud" under the savings clause of Fed. R.Civ.P. 60(b).

This court reviews the district court's judgment denying a Rule 59(e) motion for abuse of discretion. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998); *Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir.1990).

■ Upon review, we conclude that the district court did not abuse its discretion because Hawkins's Rule 59(e) motions were clearly untimely. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. The judgment in this case was entered on August 30, 1996. The Rule 59(e) motions at issue were filed on June 12, 2000—nearly four years after entry of the judgment.

■ To the extent that Hawkins seeks reconsideration of the district court's May 31, 2000 order denying motion for reconsideration, Hawkins cites to nothing in the rules that provides for multiple subsequent motions for reconsideration once the district court has issued an order denying a motion for reconsideration.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's order of December 30, 2000.