**Robert L. HAWKINS, Plaintiff–Appellant,**

v.

**Mary Sue CZARNECKI, et al., Defendants–Appellees.**

No. 02–1192.

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

Robert L. Hawkins appeals a district court order denying his motion for relief from judgment filed pursuant to Fed. R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking the return of approximately $4 million in cash and property seized by the state of Michigan, Hawkins, his wife, and four children sued seventeen persons

and entities for allegedly violating their rights under several constitutional provisions. The defendants included Michigan court officials, federal employees, three newspapers, a witness for the prosecution in Hawkins's criminal trial, Hawkins's defense attorney, and several law enforcement officers. In a supplemental pleading, the plaintiffs named thirteen additional defendants, principally members of the Oakland County Narcotics Enforcement Team, and Wayne County (Michigan) Probation Department employees. In August 1996, the district court dismissed the complaint, and a panel of this court affirmed the district court's judgment. *Hawkins v. Czarnecki,* No. 96–2437, 1998 WL 57333 (6th Cir. Feb.2, 1998).

In August 1998, Hawkins moved for relief from judgment based upon fraud upon the court under the savings clause of Fed. R.Civ.P. 60(b). The district court denied Hawkins's motion on the ground that it was untimely. Thereafter, Hawkins filed four motions for reconsideration of the order denying his Rule 60(b) motion. The district court denied each of these motions. Undaunted, Hawkins filed two more motions pursuant to Fed.R.Civ.P. 59(e) to have the court reconsider the order denying his previous motions for reconsideration. The district court denied Hawkins's motions, and this court affirmed the district court's decision on appeal. *Hawkins v. Czarnecki,* 21 Fed. Appx. 319 (6th Cir. 2001).

Unwilling to let the litigation end, Hawkins filed another Rule 60(b) motion for relief from judgment based upon fraud upon the court in August 2001. The district court concluded that the motion was untimely and meritless, and the court denied the motion. Hawkins has filed a timely appeal.

Upon review, we conclude that the district court properly denied Hawkins's current Rule 60(b) motion. This court reviews for an abuse of discretion a district court's denial of a motion for relief from judgment. *Futernick v. Sumpter Township,* 207 F.3d 305, 313 (6th Cir.2000).

To the extent that Hawkins's motion seeks relief from judgment based on fraud under Rule 60(b)(3), the district court properly denied the motion as time-barred. A Rule 60(b)(3) motion asserting fraud must be brought within one year of the judgment. *See* Fed.R.Civ.P. 60(b). The underlying judgment in this case was filed in August 1996, and Hawkins did not file his current Rule 60(b) motion until five years later. Therefore, the motion is untimely.

To the extent that Hawkins's motion is brought as an independent action to set aside the judgment for fraud upon the court, the district court properly denied the motion as meritless. While the court has the authority to provide relief from judgment in an independent action under the savings clause of Rule 60(b), this authority is extremely limited, and an independent action is only available to prevent a grave miscarriage of justice. *United States v. Beggerly,* 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). To succeed on such a motion, Hawkins must provide evidence of conduct by an officer of the court that was intentionally false, wilfully blind to the truth, or in reckless disregard of the truth. *Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir.1993). Hawkins has not made this showing.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Lastly, this court orders Hawkins to show cause why an order enjoining any further filings regarding this matter should not be entered. Hawkins now has

filed eight reconsideration motions and three non-meritorious appeals in this litigation. Due to the ongoing nature of his frivolous and vexatious conduct, we order Hawkins to show cause in writing not later than thirty days from the file date of this order why an injunction should not issue, restricting him from filing future pleadings and appeals regarding this matter without permission of this court. A copy of the proposed order is attached as an appendix.

### APPENDIX

Upon consideration of the court, it is hereby ORDERED that Robert L. Hawkins be enjoined from filing any further pleadings or appeals arising out of the subject matter of *Hawkins v. Czarnecki*, District Court Case No. 94–72144 (E.D.Mich.), without first obtaining leave of the court in which he seeks to file the pleading or appeal.

In order to obtain leave of court, Hawkins shall certify that the claim or claims he wishes to present are new claims never before raised and disposed of by any federal court. He shall certify that his action is taken in good faith and that the claims he raises are not frivolous or malicious.

A motion for leave to appeal must be captioned "Application Pursuant to Court Order Seeking Leave to File," and Hawkins must affix a copy of this order to that motion. This motion must be filed with this court within ten days after Hawkins files a notice of appeal for which leave of court must first be obtained. Failure to comply strictly with the terms of this injunction will be grounds for summarily denying leave to file. Pleadings considered malicious, frivolous, or brought in bad faith may be grounds for civil contempt proceedings.

The following procedures shall govern any appeals in this court filed by Michael Hawkins, or any other plaintiffs to this action, against the appellees until such time as the court may order otherwise.

Upon timely receipt of a complete petition for leave to appeal, the clerk of the Sixth Circuit shall direct the clerk of the appropriate district court to transmit the record of the underlying case. No further proceedings shall take place in this court, nor shall any other filings be accepted, until this court has reviewed the petition and the record to determine whether Hawkins's appeal presents a colorable claim.