File Name: 09a0130n.06

Filed: February 12, 2009

NOT RECOMMENDED FOR PUBLICATION

No. 08-5447

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARK SPAULDING, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | OPINION |
| SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

**Before: SUHRHEINRICH, GILMAN, and WHITE, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** In 1992, an administrative law judge (ALJ) denied Mark Spaulding's application for Social Security disability insurance because the onset of his disability was determined to be after his date last insured (DLI). The district court affirmed that decision. Years later, the Social Security Administration (SSA) discovered an error in its calculations regarding Spaulding's DLI that was favorable to Spaulding. The ALJ, acting on his own initiative, accordingly reopened the case and awarded disability benefits to Spaulding effective as of the previously determined onset date.

Despite having received a fully favorable ruling on his DLI, Spaulding subsequently filed motions in the district court under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure that sought to amend the court's prior decision in order to reflect the ALJ's revised ruling. The court

-1-

denied Spaulding's motions. For the reasons stated below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In December 1991, Spaulding filed for disability insurance and supplemental security income (SSI). An ALJ ruled the following year that Spaulding became disabled on November 6, 1991. Because Spaulding's electronically generated earnings record indicated that his DLI for disability insurance purposes was June 30, 1991 (over four months earlier), his application was granted for SSI but denied for disability insurance. The SSA's Appeals Council denied Spaulding's request for review of the disability-insurance determination.

Spaulding next filed a complaint in the United States District Court for the Eastern District of Kentucky in 1993, seeking review of the SSA's denial of disability benefits. The district court affirmed the SSA's decision in 1994.

More than a decade later, the SSA launched an initiative to identify SSI recipients who might also be entitled to disability benefits. Through this process, an error in Spaulding's earnings record was discovered, causing a recalculation of his DLI as being June 30, 1994—three years later than his original DLI. The ALJ, acting sua sponte, subsequently reopened Spaulding's disability claim and issued an amended decision awarding him disability benefits from and after November 6, 1991.

In September 2005, Spaulding filed a "Motion for Relief Under F.R.C.P. 60 and/or Under the Procedure Established by the Sixth Circuit Under *Howard v. Commissioner*, 276 F.3d 235 (6th Cir. 2002)" in the district court. He claimed that "new evidence" (i.e., the SSA's amended award) regarding his DLI established that the 1994 district court order was erroneous, and that the court

should therefore reconsider and revise that order. Alternatively, he asked the court to remand the matter under sentence six of 42 U.S.C. § 405(g) "consistent with . . . *Howard.*"

The Commissioner responded that the Rule 60 motion was unnecessary because Spaulding had already received a fully favorable decision. Holding that it lacked subject-matter jurisdiction to review a favorable administrative decision, the district court agreed. The court similarly noted that remand under 42 U.S.C. § 405(g) would serve no purpose because the Commissioner's 1992 decision had been reopened, revised, and made fully favorable to Spaulding.

Spaulding then filed a "Motion for Relief Under F.R.C.P. 59(e)," arguing that the district court did, in fact, have jurisdiction because his 1991 benefits application, along with his April 1994 brief (which he concedes was never actually filed with the court), had also challenged the *onset date* of his disability. He reasoned that the court therefore had jurisdiction to review what was only a *partially* favorable administrative decision. The district court denied the Rule 59(e) motion, noting that it had fully addressed the onset-date issue in its 1994 order, in which it found that the evidence did not support an onset date prior to November 6, 1991. Because the SSA's reopening of the 1992 administrative decision concerned only the narrow issue of Spaulding's DLI, any reconsideration of the onset date of Spaulding's disability was barred by the doctrine of res judicata. Spaulding now appeals the district court's denial of his Rule 59(e) motion.

## II. ANALYSIS

### A. Standard of review

We apply the abuse-of-discretion standard in reviewing the denial of a Rule 59(e) motion. *Intera Corp. v. Henderson*, 428 F.3d 605, 619 (6th Cir. 2005). Under this standard, we will not

reverse the ruling below unless we have "a definite and firm conviction that the trial court committed a clear error of judgment." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578-79 (6th Cir. 1998) (internal quotation marks omitted).

**B.     Spaulding's Rule 59(e) and 60(b) motions**

Spaulding argues on appeal that the district court should amend its 1994 judgment so that the record will "speak the truth." He also contends, without explanation, that an amended district court decision would help him to collect his unpaid benefits from the SSA, which Spaulding claims has not complied with the 2005 decision in his favor.

We find no basis to disturb the district court's ruling. As an initial matter, we doubt that Spaulding's appeal is timely. The problem is not with Spaulding's notice of appeal, which was filed within 60 days of the district court's denial of his Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(1)(B) ("When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."). Rather, the problem is that Rule 59(e) motions must be filed within 10 days of the entry of judgment. Fed. R. Civ. P. 59(e). Spaulding's Rule 59(e) motion was filed more than *11 years* after the entry of judgment in his case. Although Spaulding would presumably argue that his Rule 59(e) motion was timely because it was filed within 10 days of the denial of his Rule 60(b) motion, that latter motion was itself more than a *decade* late. *See* Fed. R. Civ. P. 60(c)(1) (providing that Rule 60(b) motions based on newly discovered evidence must be filed within one year of the entry of judgment); *Steinhoff v. Harris*, 698 F.2d 270, 275 (6th Cir. 1983) (holding that a party that waived its appeal by letting the 60-day time limit for appeal run could not revive that right by filing a Rule 60(b) motion).

The appropriateness of filing a Rule 59(e) motion based on the denial of an untimely Rule 60(b) motion is doubtful at best. In at least one other case where this court dealt with a similar sequence of motions, the court started the 10-day clock for the Rule 59(e) motion from the date of the original judgment, not from the date of the denial of the Rule 60(b) motion. *See Hawkins v. Czarnecki*, 21 F. App'x 319, 320 (6th Cir. 2001) (affirming the dismissal of the plaintiff's Rule 59(e) motion as untimely).

We need not resolve this issue, however, because even if Spaulding's appeal was timely, this court would still lack subject-matter jurisdiction over the present case. Article III, Section 2 of the United States Constitution limits our subject-matter jurisdiction to live cases or controversies. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "No justiciable controversy exists . . . when the question sought to be adjudicated has been mooted by subsequent developments." *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007) (citations and internal quotation marks omitted). Here, any challenge to the district court's 1994 judgment upholding the erroneous DLI date was mooted by the SSA's 2005 recalculation of the DLI in Spaulding's favor.

And to the extent that Spaulding's appeal can be read to challenge the ALJ's determination of the onset date of his disability, the holdings of the ALJ and the district court on that issue were unchanged by the 2005 amended decision, which revised only Spaulding's DLI date. Consideration of the onset-date issue is accordingly barred by the doctrine of res judicata. *See San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336 n.16 (2005) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (citation omitted).

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.